1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

WESTERN DIVISION

11
12

MERCEDES HARRIS,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: CV10-6324 ODW (Ex)

13

Plaintiff,

[~~PROPOSED~~] **CONFIDENTIALITY
ORDER**

14
15

vs.

16
17

LAW OFFICES OF HARRIS AND
ZIDE,

18

Defendant.

19
20
21
22
23
24
25
26
27
28

HARRIS V. LAW OFFICES OF HARRIS AND ZIDE (CASE NO. CV10-6324 ODW (Ex))
[PROPOSED] CONFIDENTIALITY ORDER

The parties to this action have stipulated that:

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection that it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. This Order, as set forth in Section 10, below, creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c). Counsel shall not designate discovery materials as "Confidential" without first making a good faith determination that protection is warranted.

2.4 <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Counsel shall not designate discovery materials as "Highly Confidential" without first making a good faith determination that protection is warranted.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

2.11 <u>Counsel</u>: (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g. photocopying; videotaping; translating; class administration; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material documents, items or communications for which protection is not warranted are not swept unjustifiably withing the ambit of this Order.

1   Mass, indiscriminate, or routinized designations are prohibited.

2   Designations that are shown to be clearly unjustified, or that have been made for

3   an improper purpose (e.g. to unnecessarily encumber or retard the case

4   development process, or to impose unnecessary expenses and burdens on other

5   parties), expose the Designating Party to sanctions.

6   If it comes to a Party's or a non-party's attention that information or

7   items that it designated for protection do not quality for protection at all, or do not

8   quality for the level of protection initially asserted, that Party or non-party must

9   promptly notify all other parties that it is withdrawing the mistaken designation.

10   5.2   Manner and Timing of Designations: Except as otherwise

11   provided in this Order (see, e.g. second paragraph of section 5.2(a), below), or as

12   otherwise stipulated or ordered, material that qualifies for protection under this

13   Order must be clearly so designated before the material is disclosed or produced.

14   Designation in conformity with this Order requires:

15   (a) for information in documentary form (apart from transcripts

16   of depositions or other pretrial or trial proceedings), that the Producing Party affix

17   the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

18   EYES ONLY" at the bottom of each page that contains protected material. If only

19   a portion or portions of the material on a page qualifies for protection, the

20   Producing Party also must clearly identify the protected portion(s) (e.g., by making

21   appropriate markings in the margins) and must specify, for each portion, the level

22   of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

23   CONFIDENTIAL - ATTORNEYS' EYES ONLY").

24   A Party or non-party that makes original documents or

25   materials available for inspection need not designate them for protection until after

26   the inspecting Party has indicated which material it would like copied and

27   produced. During the inspection and before the designation, all of the material

28

made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the document it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days from the date of receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify that level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated

for protection within the 20 days shall be covered by the provisions of this
Protective Order.

                  Transcript pages containing Protected Material must be
separately bound by the court reporter, who must affix to the top of each such page
the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'
EYES ONLY," as instructed by the Party or non-party offering or sponsoring the
witness or presenting the testimony.

                  (c) <u>for information produced in some form other than
documentary, and for any other tangible items</u>, that the Producing Party affix in a
prominent place on the exterior of the container or containers in which the
information or item is stored the legend "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the
information or item warrant protection, the Producing Party, to the extent
practicable, shall identify the protected portions, specifying whether they qualify
as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

        5.3    <u>Inadvertent Failures to Designate</u>: If timely corrected, an
inadvertent failure to designate qualified information or items as "Confidential" or
"Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the
Designating Party's right to secure protection under this Order for such material.
If material is appropriately designated as "Confidential" or "Highly Confidential -
Attorneys' Eyes Only" after the material was initially produced, the Receiving
Party, on timely notification of the designation, must make reasonable efforts to
assure that the material is treated in accordance with the provisions of this Order.

6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

        6.1    <u>Timing of Challenges</u>: Unless a prompt challenge to a
Designating Party's confidentiality designation is necessary to avoid foreseeable

substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly or in writing with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention: A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

1  To allow the challenging party adequate space to respond to the arguments

2  posed by the Designating Party in opposition to any such motion, the challenging

3  party's Reply Brief may consist of up to 25 pages in length.

4

5      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

6      7.1    Basic Principles: A Receiving Party may use Protected

7  Material that is disclosed or produced by another Party or by a non-party in

8  connection with this case only for prosecuting, defending, or attempting to settle

9  this litigation. Such Protected Material may be disclosed only to the categories of

10  persons and under the conditions described in this Order. When the litigation has

11  be terminated, a Receiving Party must comply with the provisions of section 11,

12  below (FINAL DISPOSITION).

13      Protected Material must be stored and maintained by a Receiving

14  Party at a location and in a secure manner that ensures that access is limited to the

15  persons authorized under this Order.

16      7.2    Disclosure of "CONFIDENTIAL" Information or Items:

17  Unless otherwise ordered by the court or permitted in writing by the Designating

18  Party, a Receiving Party may disclose any information or item designated

19  CONFIDENTIAL only to:

20      (a) the Receiving Party's Outside Counsel of record in this

21  action, as well as employees of said Counsel to whom it is reasonably necessary to

22  disclose the information for this litigation and who have signed the "Agreement to

23  Be Bound by Protective Order" that is attached hereto as Exhibit A;

24      (b) the officers, directors, and employees (including House

25  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

26  this litigation and who signed the "Agreement to Be Bound by Protective Order"

27  (Exhibit A);

28

1  (c) experts (as defined in this Order) of the Receiving Party to
2  whom disclosure is reasonably necessary for this litigation and who have signed
3  the "Agreement to Be Bound by Protective Order" (Exhibit A);

4  (d) the Court and its personnel;

5  (e) court reporters, their staffs, and professional vendors to
6  whom disclosure is reasonably necessary for this litigation and who have signed
7  the "Agreement to Be Bound by Protective Order" (Exhibit A);

8  (f) during their depositions, witnesses in the action to whom
9  disclosure is reasonably necessary and who have signed the "Agreement to be
10  Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition
11  testimony or exhibits to depositions that reveal Protected Material must by
12  separately bound by the court reporter and may not be disclosed to anyone except
13  as permitted under this Protective Order.

14  (g) the author of the document or the original source of the
15  information.

16

17  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED
18  PRODUCED IN OTHER LITIGATION

19  If a Receiving Party is served with a subpoena or an order issued in other
20  litigation that would compel disclosure of any information or items designated in
21  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
22  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the
23  Designating Party, in writing (by fax, if possible) immediately and in no event
24  more than three court days after receiving the subpoena or order.  Such
25  notification must include a copy of the subpoena or court order.

26  The Receiving Party also must immediately inform in writing the Party who
27  caused the subpoena or order to issue in the other litigation that some or all the

28

material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. The documents shall be submitted in an appropriate envelope conforming to the

1   requirements of Civil Local Rules 79-5.1, labeled with the case name and number
2   and bearing instructions that the document is filed pursuant to the Stipulated
3   Protective Order and that the envelope is not to be opened absent further order of
4   the Court.

6       11.    FINAL DISPOSITION

7           Unless otherwise ordered or agreed in writing by the Producing Party,
8   within sixty (60) days after the final termination of this action, each Receiving
9   Party must return all Protected material to the Producing Party.  As used in this
10  subdivision, "all Protected Material" includes all copies, abstracts, compilations,
11  summaries or any other form of reproducing or capturing any of the Protected
12  Material.  With permission in writing from the Designating Party, the Receiving
13  Party may destroy some or all of the Protected Material instead of returning it.
14  Whether the Protected Material is returned or destroyed, the Receiving Party must
15  submit a written certification to the Producing Party (and, if not the same person
16  or entity, to the Designating Party) by the sixty day deadline that identifies (by
17  category, where appropriate) all the Protected material that was returned or
18  destroyed and that affirms that the Receiving Party has not retained any copies,
19  abstracts, compilations, summaries or other forms of reproducing or capturing any
20  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to
21  retain any archival copy of all pleadings, motion papers, transcripts, legal
22  memoranda, correspondence or attorney work product, even if such materials
23  contain Protected Material.  Any such archival copies that contain or constitute
24  Protected Material remain subject to this Protective Order as set forth in Section 4
25  (DURATION), above.

12. <u>MISCELLANEOUS</u>

    12.1 <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>: The entry of this Order does not effect any Party's right to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

PURSUANT TO THE STIPULATION OF THE PARTIES,

IT IS SO ORDERED.

DATED: __3/22/11__

                       Charles F. Eick, United States

Magistrate Judge of the United States District Court,
Central District of California

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ (print or type full name), of

_____ (print or type full address), declare under penalty of perjury

that I have read in its entirety and understand the Confidentiality Order that was

issued by the United States District Court for the Central District of California on

(date) in the case of *Mercedes Harris v. Law Offices of Harris and Zide*, Case No.

CV10-6324 ODW (Ex). I agree to comply with and to be bound by all the terms

of this Confidentiality Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Confidentiality Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Confidentiality Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ (print or type full

name) of _____ (print or type full address and

tel. number) as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Confidentiality Order.

Date:_____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____